UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 40065 NMG

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

BRIAN M. ANGER, NDI INTERNATIONAL, INC.
and NORTHEAST DISPLAY, INC. 401(K) SAVINGS
AND INVESTMENT PLAN,

    Defendants.

CIVIL ACTION
FILE NO.

RECEIPT #_____
AMOUNT $ N/A
SUMMONS ISSUED ____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 4/30/04

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary") alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §§ 1001 *et seq.*, as amended, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

### JURISDICTION AND VENUE

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## DEFENDANTS

(4) The Northeast Display, Inc. 401(k) Savings and Investment Plan (the "Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) and is subject to coverage of the Act pursuant to §4(a), 29 U.S.C. §1003(a). It was established by Adoption Agreement with an effective date of January 1, 1994 to provide retirement and death benefits for the employees of NDI, International, Inc., doing business as Northeast Display, Inc., a Massachusetts corporation. The Plan had offices in Worcester, Massachusetts and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief may be granted.

(5) At all times relevant to this action, NDI International, Inc., ("NDI") doing business as Northeast Display, Inc., a Massachusetts corporation, was the Plan Sponsor of the Plan. At all times relevant to this action, NDI was the named Plan Administrator of the Plan. As such, NDI was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21). Furthermore, at all relevant times, NDI was a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

(6) At all times relevant to this action, Brian M. Anger served as President and Chief Executive Officer of NDI. At all times relevant to this action, Brian M. Anger owned approximately ninety-six (96) percent of the stock of NDI. Furthermore, at all times relevant to this action, Brian M. Anger served as trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan.. As such, he was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 20 U.S.C. §1002(21) and a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A), (C), (E) and (H), 29 U.S.C. §1002(14)(A), (C), (E) and (H).

(7) At all times relevant to this action, Brian M. Anger acted on behalf of NDI as the named Plan Administrator of the Plan. As such, he was a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and a party in interest to the Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

(8) According to Plan documents, the Plan was to be funded by withheld employee contributions in amounts ranging from 1% to 15% of employee salaries in accordance with each employee participant's election. The withheld contributions on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(9) Over the period January 1, 1998 through April 30, 2003, Defendant NDI failed to forward, and Defendant Anger failed to ensure the forwarding of, withheld employee contributions in a timely manner.

(10) During the pertinent period, Defendant NDI failed to forward and Defendant Anger failed to ensure the forwarding of, withheld employee contributions to the Plan in an amount totaling $65,346.86 to the Plan. This sum constituted employee contributions withheld for the months of April and October 1998 and for the period April 1, 2002 through September 30, 2002. These employee contributions were not forwarded to the Plan, but were retained by NDI and used to satisfy corporate expenses.

(11) By virtue of the acts described in paragraphs 9 and 10, Defendants NDI and Anger:

    (a)    failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aim in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

(c) failed to discharge their fiduciary duties in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D); and

(d) Caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of plan assets to, or use by or for the benefit of, NDI, a party in interest, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

(12) By virtue of the acts described in paragraphs 9 and 10, trustee Brian M. Anger:

(a) Dealt with the assets of the Plan in his own interest or for his own account, in violation of ERISA §406(b)(1); and

(b) Acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plans, its participants and beneficiaries in violation of ERISA §406(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendant Brian M. Anger from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2) Permanently enjoining Defendant Brian M. Anger from serving as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendants to correct the prohibited transactions in which they participated;

(4) Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest, including set off of Defendant Brian M. Anger's individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendants;

(5) Awarding to Plaintiff the costs of this action; and

(6) Providing such other relief as is just and equitable.

Howard M. Radzely
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA 02203
617 565-2500

Frank V. McDermott, Jr.
Regional Solicitor

Maureen L. Canavan
BBO #550969

U.S. Department of Labor
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   Chao v. Brian M. Angell

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                YES          (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                YES           NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                YES           NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION        (CENTRAL DIVISION)        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION        (CENTRAL DIVISION)        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Maureen L. Canavan
ADDRESS  US DOL/SOL JFK Fed. Bldg. RM E-375 Boston 02203
TELEPHONE NO. (617) 565-2500

(Cover sheet local.wpd - 11/27/00)

04 40065 NMG

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is req the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1. (a) PLAINTIFFS**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

**DEFENDANTS**

BRIAN M. ANGER, NDI INTERNATIONAL, INC. and NORTHEAST DISPLAY, INC. 401(k) SAVINGS AND INVESTMENT PLAN

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)
Maureen L. Canavan, Esquire    (617) 565-2500
U.S. Department of Labor, Office of the Solicitor
JFK Federal Building, Room E-375, Boston, MA  02203

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action arises under the ERISA Act of 1974, 29 USC §1001 et seq., as amended, and to enforce Title 1 of ERISA, pursuant to ERISA §§502 (a)(2) and (5), 29 USC §§1132(a)(2) and (5).

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE 4/30/04
SIGNATURE OF ATTORNEY OF RECORD
/s/ Maureen L. Canavan

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____