UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CENTRAL DIVISION

```
*************************
                          *
ELAINE L. CHAO, Secretary of Labor,    *
United States Department of Labor,     *
                          *
              Plaintiff   *
                          *    CIVIL ACTION
      v.                  *
                          *    File No. 4:04 cv 40065-FDS
BRIAN M. ANGER, NDI INTERNATIONAL,     *
INC. and NORTHEAST DISPLAY, INC.       *
401(k) SAVINGS AND INVESTMENT PLAN,    *
                          *
              Defendants  *
*************************
```

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") hereby applies to the Court, pursuant to Rule 65(a) and of the Federal Rules of Civil Procedure, for issuance of a preliminary injunction and for a temporary restraining order preventing the distribution of defendant Brian M. Anger's account balance in the Northeast Display, Inc. 401(k) Savings and Investment Plan (the "Plan") pending the Court's final determination on the merits of the allegations contained in the Secretary's Complaint or other resolution of this matter. In support of the present application, the Secretary makes the following assertions and submits the attached Memorandum, Declarations and Supporting Exhibits.

1

1. The Secretary's Complaint filed on April 30, 2004 and submitted herewith alleges violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as amended based upon breaches of fiduciary duties committed by Brian M. Anger, named trustee of the Plan.

2. The Secretary's Complaint that defendant Brian M. Anger violated the fiduciary provisions of ERISA by: (1) failing to act solely in the interest of the Plan's participants and beneficiaries, prudently, and in accordance with the Plan's governing documents contrary to ERISA §404(a)(1)(A),(B) and (D), 29 U.S.C. §1104(a)(1)(A) and (D); (2) engaging in a series of prohibited transactions in violation of ERISA §406(a)(1) (D), 29 U.S.C. §1106(a)(1) (D); and engaging in self-dealing with respect to the Plan's assets in violation of ERISA §406(b)(1) and (2), 29 U.S.C. §1106(b)(1) and (2). These violations arise from defendant Brian M. Anger's failure to ensure that employee contributions to the Plan, which were withheld from employees' wages, were remitted to the Plan. These alleged violations resulted in a loss to the Plan of $65,346.86 plus interest.

3. Specifically, the Secretary alleges that over the period April 1, 2002 through September 30, 2002, NDI withheld a total of $40,572.34 from employees' wages for contribution to the Plan. During the months of April and October 1998, NDI withheld a total of $24,774.52 from employees' wages for contribution to the Plan. Despite the withholdings, NDI never remitted these employee contributions to the Plan during these periods. In addition, NDI did not segregate these voluntary employee contributions from NDI's general assets. By failing to segregate the employee contributions, NDI was able to convert the employees' contributions to its own use to pay its creditors.

4. Given its financial difficulties, plan sponsor NDI, on October 4, 2002, NDI filed for Chapter 11 bankruptcy protection. In re: NDI International, Inc., Chapter 7 Case No. 02-46071-JBR. On April 16, 2003, the case was converted to a Chapter 7 proceeding. While the Secretary of Labor has filed a proof of claim in NDI's corporate bankruptcy on behalf of the Secretary and in the interest of the participants and beneficiaries of the Plan, it is unclear at this moment, what if any money the Plan will receive under NDI's liquidation.

5. On February 13, 2004, Mr. Anger filed a voluntary no asset Chapter 7 case. In re: Brian M. and Jean M. Anger, Chapter 7 Case No. 04-40719 JBR. On March 23, 2004, the Chapter 7 trustee in that proceeding filed a report of No Distribution.

6. On or about April 30, 2004, the Secretary filed a Complaint to Determine the Dischargeability of Debt in Mr. Anger's personal bankruptcy action, alleging that Mr. Anger's debt to the Plan is non-dischargeable pursuant to 11 U.S.C. §523(a)(4) as Mr. Anger's action, or inaction, with respect to the unremitted contributions to the Plan constitute defalcation while acting in a fiduciary capacity.

7. On or about May 21, 2004, the Secretary filed a Motion to Withdraw the Order of Reference from Bankruptcy Court to District Court and Memorandum in support thereof, in Mr. Anger's personal bankruptcy. As grounds for that Motion, the Secretary maintained that the resolution of the adversary complaint requires substantial and material consideration of ERISA and that the allegations against defendant/debtor Brian M. Anger in the Secretary's adversary complaint are based on the same facts, expanded by additional detail, as those allegations contained in the District Court complaint. The Secretary has made clear in her Motion and

Memorandum and in her Response to Debtor's Answer to the Motion to Withdraw the Order of Reference, filed on or about June 24, 2004, that the Secretary's District Court ERISA complaint is not subject to the automatic stay provisions of the bankruptcy code as it is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4). The Secretary's Motion to Withdraw the Order of Reference and Memorandum in support thereof were transmitted from the Bankruptcy Court to this Court on or about June 9, 2004.

8. As of May 12, 2004, defendant Anger had a gross account balance in the Plan of $118,209.68. Because defendant Anger has an outstanding loan balance in his account of $46,423.29, Anger's net Plan account balance is $ 71,786.39. Throughout the course of the NDI bankruptcy proceeding and Mr. Anger's personal bankruptcy proceeding, Defendant Anger had indicated his intent to have his plan account distributed to him. During the course of hearings in the NDI bankruptcy proceeding, the Secretary raised objections to the distribution of Mr. Anger's account balance. By Order dated May 6, 2004, the bankruptcy court placed a 60 day freeze on Mr. Anger's Plan account balance.[1]  That freeze will expire on July 5, 2004.

9. Unless a temporary restraining order and preliminary injunction are granted, after July 5, 2004, defendant Brian M. Anger may seek complete distribution of his account balance. If Anger's Plan account is distributed to him, the Court will not be able to afford a set off remedy to the Plan participants. This will likely result in a substantially limited remedy for the Plan's participants, given the status of Anger's personal finances. As set forth above, Anger has filed a

---

1 The Bankruptcy Court had previously ordered that the Plan be terminated and that complete distributions be made to participants other than Mr. Anger. The bankruptcy Court further has ordered, upon agreement of all interested parties, that CAF Pension Actuaries, Inc. serve as the independent trustee

4

personal no asset bankruptcy petition in which the Chapter 7 trustee has already returned a Report of No Distribution, indicating that Mr. Anger has no personal assets which may be reached by creditors. Given these facts, participants risk losing that portion of their retirement savings which was taken directly from their wages, and was not remitted to the Plan.

10. Pursuant to the authority granted under ERISA §§ 409(a) and 502(a)(2) and (5), 29 U.S.C. §§1109(a) and 1132(a)(2) and (5), the Secretary's complaint seeks appropriate equitable and remedial relief, including a permanent injunction barring defendant Brian M. Anger from violating ERISA, from serving as fiduciary of any ERISA covered employee benefit plan, ordering defendant Brian M. Anger to correct the prohibited transactions in which he engaged, and ordering defendant Brian M. Anger to make restitution to the Plan of any losses, including interest, resulting from fiduciary breaches committed by him or for which he is liable and restitution of the Plan's losses, including set off of Defendant Brian M. Anger's individual Plan account against the amount of losses, as authorized by ERISA § 206(d)(4), 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendants.

11. The evidence presented with this Application demonstrates that there exists a substantial likelihood that the Secretary will prevail at trial on her claims of defendant Anger's ERISA violations.

12. The evidence presented with this Application further demonstrates that absent the granting of a preliminary injunction and temporary restraining order, the Plan, its participants and beneficiaries will suffer irreparable harm in that potentially the only remaining asset from which

---

of the Plan.

to achieve restitution will be dissipated. Further, the threatened injury to the Plan, its participants and beneficiaries far outweighs any potential harm to defendant Brian M. Anger, as in seeking the preliminary injunction and temporary restraining order the Secretary merely seeks to maintain the status quo. The issuance of the preliminary injunction will promote the public interest embodied in ERISA and will not disserve the public interest.

WHEREFORE, the Secretary respectfully requests that this Court issue a preliminary injunction and temporary restraining order:

1. Restraining defendant Brian M. Anger from seeking or obtaining any distribution of Plan assets to until further Order of this Court.

2. Freezing all Plan assets held for the benefit of defendant Brian M. Anger until further Order of this Court.

3. Awarding such other relief as may be appropriate and just.

Date: June 25, 2004

Respectfully submitted,
Howard M. Radzely
Solicitor of Labor

Frank V. McDermott
Regional Solicitor

Maureen L. Canavan
Attorney BBO #550969
Attorneys for Elaine L. Chao
Secretary of Labor,
United States Department of Labor

Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203
Telephone: (617) 565-2500
FAX: (617) 565-2142