# EXHIBIT 2

Case 4:04-cv-40065-FDS   Document 5-9   Filed 06/29/2004   Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,          *
United States Department of Labor,           *    04  40065 NMG
                                             *
              Plaintiff,                     *
                                             *
                                             *    CIVIL ACTION
         v.                                  *    FILE NO.
BRIAN M. ANGER, NDI INTERNATIONAL, INC.      *
and NORTHEAST DISPLAY, INC. 401(K) SAVINGS   *
AND INVESTMENT PLAN,                         *
                                             *
                                             *
              Defendants.                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary") alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §§ 1001 *et seq.*, as amended, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

## JURISDICTION AND VENUE

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## DEFENDANTS

(4) The Northeast Display, Inc. 401(k) Savings and Investment Plan (the "Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3) and is subject to coverage of the Act pursuant to §4(a), 29 U.S.C. §1003(a). It was established by Adoption Agreement with an effective date of January 1, 1994 to provide retirement and death benefits for the employees of NDI, International, Inc., doing business as Northeast Display, Inc., a Massachusetts corporation. The Plan had offices in Worcester, Massachusetts and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief may be granted.

(5) At all times relevant to this action, NDI International, Inc., ("NDI") doing business as Northeast Display, Inc., a Massachusetts corporation, was the Plan Sponsor of the Plan. At all times relevant to this action, NDI was the named Plan Administrator of the Plan. As such, NDI was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21). Furthermore, at all relevant times, NDI was a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

(6) At all times relevant to this action, Brian M. Anger served as President and Chief Executive Officer of NDI. At all times relevant to this action, Brian M. Anger owned approximately ninety-six (96) percent of the stock of NDI. Furthermore, at all times relevant to this action, Brian M. Anger served as trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan.. As such, he was a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 20 U.S.C. §1002(21) and a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A), (C), (E) and (H), 29 U.S.C. §1002(14)(A), (C), (E) and (H).

(7) At all times relevant to this action, Brian M. Anger acted on behalf of NDI as the named Plan Administrator of the Plan. As such, he was a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A) and a party in interest to the Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

(8) According to Plan documents, the Plan was to be funded by withheld employee contributions in amounts ranging from 1% to 15% of employee salaries in accordance with each employee participant's election. The withheld contributions on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(9) Over the period January 1, 1998 through April 30, 2003, Defendant NDI failed to forward, and Defendant Anger failed to ensure the forwarding of, withheld employee contributions in a timely manner.

(10) During the pertinent period, Defendant NDI failed to forward and Defendant Anger failed to ensure the forwarding of, withheld employee contributions to the Plan in an amount totaling $65,346.86 to the Plan. This sum constituted employee contributions withheld for the months of April and October 1998 and for the period April 1, 2002 through September 30, 2002. These employee contributions were not forwarded to the Plan, but were retained by NDI and used to satisfy corporate expenses.

(11) By virtue of the acts described in paragraphs 9 and 10, Defendants NDI and Anger:

    (a) failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b)   failed to discharge their duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aim in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

(c)   failed to discharge their fiduciary duties in accordance with the documents and instruments governing the Plan, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D); and

(d)   Caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of plan assets to, or use by or for the benefit of, NDI, a party in interest, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

(12)   By virtue of the acts described in paragraphs 9 and 10, trustee Brian M. Anger:

(a)   Dealt with the assets of the Plan in his own interest or for his own account, in violation of ERISA §406(b)(1); and

(b)   Acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plans, its participants and beneficiaries in violation of ERISA §406(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendant Brian M. Anger from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2) Permanently enjoining Defendant Brian M. Anger from serving as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendants to correct the prohibited transactions in which they participated:

(4) Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest, including set off of Defendant Brian M. Anger's individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by Defendants;

(5) Awarding to Plaintiff the costs of this action; and

(6) Providing such other relief as is just and equitable.

Howard M. Radzely
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA 02203
617 565-2500

Frank V. McDermott, Jr.
Regional Solicitor

*Maureen L. Canavan*
Maureen L. Canavan
BBO #550969

U.S. Department of Labor
Attorneys for Plaintiff